HAWKINS, Respondent, v. LASELL et al, Appellants.

(178 N. W. 731.)

(File No. 4643. Opinion filed July 15, 1920.)

1. **Appeals—Dismissal of Appeal—Demurrer, Whether by One or More Defendants, Appeal Referring to One, Remedy by Correction Below.**

Where there are several persons and a corporation as defendants, a demurrer to complaint having been interposed by defendant corporation, there being a dispute on appeal as to whether defendant L interposed a demurrer, the order overruling demurrer referring only to one interposed by the corporation, held, that if, as claimed by respondent, demurrers were interposed on behalf of the corporation and L, and the order appealed from really overruled both demurrers, defendant L should have asked court to correct its order to express its real intent; the Supreme Court will treat it as having overruled only the corporation demurrer.

2. Appeals—Dismissal of Appeal—Overruled Demurrer, Whether Covering One or More Demurrers—Appeal Notice, Undertaking, Referring to Demurrer Overruling Only Corporation's Demurrer—Appeal Dismissed.

Where notice of appeal and undertaking refer to an order "overruling demurrer," there being a dispute as to whether both defendants interposed a demurrer, held, the notice and undertaking are insufficient to confer appellate jurisdiction from the order actually entered, and the appeal is dismissed.

Appeal from Circuit Court, Day County. HON. FRANK ANDERSON, Judge.

Action by E. M. Hawkins, against Silas T. Lasell, and others. From an order overruling a demurrer to the amended complaint, defendants appeal. Upon motion to dismiss appeal. Appeal dismissed.

*M. C. Lasell,* and *C. C. Bush,* for Appellants.
*Waddel & Dougherty,* for Respondents.

WHITING, J. Purported appeal from an order overruling a demurrer to amended complaint. Respondent moves the dismissal of the attempted appeal upon the ground that there was no such order as the one described in the notice of appeal.

[1, 2] The defendants named in the title to this action, as the same appears on all papers, are "Silas T. Lasell, S. T. Lasell doing business as Waubay Motor Sales Company, and Waubay Motor Sales Company, a corporation." It is evident that "Silas T. Lasell" and "S. T. Lasell" are the names of but one man. A demurrer was interposed by the defendant corporation. There is a dispute as to whether defendant Lasell interposed a demurrer; but, if so, it was a separate one from the one interposed by the corporation, and was interposed in name of "Silas T. Lasell."

The order overruling the demurrer refers only to the demurrer interposed by the corporation. If, as now claimed, there were demurrers interposed both on behalf of the corporation and Lasell, and it was the intent of the trial court that its order be one overruling both such demurrers, defendant Lasell should have asked the trial court to correct its written order, so that it might express the real intent of such court. This court must treat the order as one overruling the demurrer of the corporation only.

The notice of appeal was given in the name of the corporation and "S. T. Lasell," and it recites that "the defendants hereby jointly appeal * * * from the order * * * wherein the court over-ruled the demurrer interposed by these defendants." As stated above, if both defendants demurred, it was by separate demurrers. The undertaking on appeal recites that the order was one "overruling demurrer." We do not deem the notice and undertaking sufficient to give this court jurisdiction of an appeal from the order actually entered.

The appeal is therefore dismissed.